<hr/>

## BLAKE and WILLIS v. PATRICK MORRISSON.

1. EVIDENCE: PAROL NOT ADMISSIBLE AT LAW, TO SHOW THAT BILL OF SALE IS A MORTGAGE.—Parol evidence is inadmissible in a court of law to show that a bill of sale, absolute on its face, was intended to be a mortgage security for a debt. *Aliter* in equity.
2. PAYMENT.—A sale of property, in satisfaction of the debt sued for, is no bar to the plaintiff's recovery, if it appear that the defendant, after the sale to the plaintiff, converted the property to his own use by selling it to another.

IN error from the Circuit Court of Hinds county. Hon. John Watts, judge.

Patrick Morrisson filed his complaint, under the new pleading Act, against Blake and Willis, in which he alleged, in substance,

that on the 6th day of January, A.D. 1853, the defendants upon a settlement with him were found to be indebted to him in the sum of $203, and as security therefor the defendants sold and delivered to him certain property, and executed a bill of sale for the same, which he filed as an exhibit to the complaint; that $100 of said sum was for loaned money, which was further acknowledged by an order from Willis to Blake, and which he also made an exhibit; and that the defendants were further indebted to him in the sum of $22 50 for work and labor done for them; that the defendants, after the said sale to him, took the property from his possession, and used the same, and afterwards sold it, by which they realized a large sum of money, and for which they refused to account or to pay to him. The plaintiff demanded payment for the aggregate amount of the two sums of $203 and $22 50, with interest.

The defendants pleaded the general issue and payment.

On the trial the plaintiff read in evidence the following bill of sale.

"Jackson, January 6th, 1853.

"We, Blake & Willis, have this day sold and delivered to Patrick Morrisson 2 horses and carts, for the sum of one hundred and three dollars, for labor done on the Canton and Jackson Railroad. We also have borrowed from said Patrick Morrisson one hundred dollars in cash, to pay our men on said Canton and Jackson Railroad, for which we give him in payment five horse carts for said amount.

(Signed)        "M. Blake & Willis."

He also introduced in evidence an order from Willis to Blake as described in his complaint.

Plaintiff then proved by John Blake that the defendants, on the day the bill of sale was executed, were indebted to him in the sum of $203. That the property mentioned in the bill of sale was delivered to him on the day of its date; but that the defendants afterwards took possession of it, and used it until they sold out their property used by them in the construction of the Canton and Jackson Railroad. That when they thus sold out, they also sold the property mentioned in said bill of sale. He also proved by this witness that the bill of sale was made as a security for the said debt of $203. To this last statement the defendants objected, but the court overruled the objection, and the defendants excepted.

The plaintiff had verdict and judgment for the sum of $227.

The defendants moved for a new trial, which being refused they tendered a bill of exceptions, and sued out this writ of error.

*D. Shelton*, for the plaintiffs in error,

Contended, that the parol evidence showing that the bill of sale was a mere mortgage security, was inadmissible at law. 2 Stark. Ev. 548, 549. That the bill of sale showed, that the property therein conveyed had been accepted in full payment of the debt sued for, and being incapable of explanation or contradiction in this action, the verdict and judgment should have been for the defendants. That it was no answer to this, to say that the defendants afterwards sold the property to another; that sale, it was true, would be a good ground for an action of trover, but it would not sustain the present action.

*Freeman* and *Dixon*, for defendants in error,

Contended, that as the bill of sale was not under seal, it was subject to explanation both at law and equity. Moreover, as the defendants had subsequently converted the property to their own use, the explanation was beneficial to them, and they could not now be heard to complain.

FISHER, J., delivered the opinion of the court.

The plaintiff below brought this action in the Circuit Court of Hinds county, to recover the amount of a debt alleged to have been due to him by the defendants.

On the trial he read in evidence a certain bill of sale, showing the amount of the debt due by the defendants, and that certain property had been conveyed in payment of the debt. He then proved that the defendants had, after the sale of the property to the plaintiff, sold and delivered it to another person. The court also permitted the plaintiff to prove that the bill of sale was not intended to operate as an absolute conveyance, but only as a mortgage.

We are of opinion that the court erred in permitting this last evidence to be given, as the trust could not be established in a court of law. But we are nevertheless of opinion that the verdict

is correct and must stand.   The defendants having sold and delivered the property to another person, cannot be permitted to say that it was the plaintiff's property.   No man can be permitted in a court of justice to allege his own fraud, or to claim an advantage resulting therefrom.   They could only sell the property, on the ground that they held the title; and if they held the title, it is clear that they had not conveyed it to the plaintiff.

Judgment affirmed.